**No. 12-60052**

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

**In re:  IRENE MICHELLE SCHWARTZ-TALLARD**

Debtor

AMERICA'S SERVICING COMPANY,

Appellant,

>    BAP No. NV-11-1429
>    Appeal Reference #:   11-24
>    Bankr. No.:  S-07-11730-LBR
>    Chapter 13

>    v.

IRENE MICHELLE SCHWARTZ-TALLARD,

Appellee.

_____

**APPELLANT'S REPLY BRIEF**

_____

ANDREW JACOBS, ESQ.
Arizona Bar No. 21146
SNELL & WILMER L.L.P.
One South Church Avenue
Suite 1500
Tucson, AZ 85701
Telephone:  (520) 882-1207
Facsimile:  (520) 884-1294
Email:  ajacobs@swlaw.com

KELLY H. DOVE, ESQ.
Nevada Bar No. 10569
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, NV 89169
Telephone:  (702) 784-5200
Facsimile:   (702) 784-5252
Email:  kdove@swlaw.com

*Attorneys for Appellant*
*AMERICA'S SERVICING COMPANY*

16276778.5

# TABLE OF CONTENTS

Page

Introduction …………………………………………………………..1

Legal Discussion ……………………………………………………… 1

    I.    *Sternberg* Controls the Outcome of This Appeal ………………..……2

    II.    The Timing of ASC's Notice of Appeal Does Not Aid Ms. Schwartz-Tallard's Position …………………………...………….. 4

    III.    This Court Should Not Reconsider Its Recent Decision in *Sternberg* ………………………………………...………….. 5

        A.    Ms. Schwartz-Tallard's Request for *En Banc* Review is Premature ……………………………………………….. 6

        B.    The *En Banc* Review Necessary to Revisit *Sternberg* Is Unwarranted …………………………………………..… 6

Conclusion …………………………………………………………….. 9

CERTIFICATE OF COMPLIANCE …………………………….…………....10

CERTIFICATE OF SERVICE …………………………...…………………11

# TABLE OF AUTHORITIES

Page

## CASES

*Atonio v. Wards Cove Packing Co.,* 810 F.2d 1477 (9th Cir. 1987) ………...… 6, 7

*Beard v. Walsh (In re Walsh),* 219 B.R. 873 (B.A.P. 9th Cir. 1998) ………….. 3, 8

*In re Dawson,* 390 F.3d 1139 (9th Cir. 2004) ………..………………………... 4

*In the Matter of So. Cal. Sunbelt Developers,* 608 F.3d 456 (9th Cir. 2010) ...…... 8

*Miller v. Gammie,* 335 F.3d 889 (9th Cir. 2003) ………………………….… 6, 7

*Sternberg v. Johnson,* 595 F.3d 937 (9th Cir. 2010) ……………...……... passim

*United States v. Wylie,* 625 F.2d 1371 (9th Cir. 1980) ……………….…….… 7

## STATUTE AND RULES

11 U.S.C. § 362(k) …………………………………………………... 5, 8

Federal Rule of Appellate Procedure 35(a) ………………….…………... 6

Federal Rule of Bankruptcy Procedure 9011 ………………………….. 3

## Introduction

The Answering Brief's critique of this Court's decision in *Sternberg v. Johnson*, 595 F.3d 937 (9th Cir. 2010) confirms the primary point advanced in the Opening Brief:  that *Sternberg* controls the outcome of this appeal, and that Appellee Irene Schwartz-Tallard, like the decision of the Bankruptcy Appellate Panel ("BAP") in her favor, disagrees with the rule of law *Sternberg* states.  Ms. Schwartz-Tallard relies on decisions of lower courts and occasionally other Courts of Appeal to attack and otherwise attempt to limit *Sternberg*, but to no avail.  It is the law of this Circuit, and it controls here.

Ms. Schwartz-Tallard offers three arguments in support of her contention that she should recover appellate attorney's fees involving issues arising from a violation of the automatic stay that was cured before she incurred the fees.  Each argument fails in turn.

First, she argues that *Sternberg* can be distinguished from the instant case. As this brief and the Opening Brief explain, *Sternberg* cannot simply be distinguished away.

Second, Ms. Schwartz-Tallard argues that the violation of the automatic stay had not ended at the moment she lodged her notice of appeal.  Even if so, all of her fees were incurred after the violation was cured, making the point irrelevant.

-1-

Third, Ms. Schwartz-Tallard asks this Court to reconsider and overrule *Sternberg*, which is the law of this Circuit, even though this Court declined to hear *Sternberg en banc* when it decided that case in 2010. Ms. Schwartz-Tallard's Response offers no persuasive justification for overruling *Sternberg* now. This Court should apply *Sternberg* and reverse.

### Legal Discussion

### I.     *Sternberg* Controls the Outcome of This Appeal.

America's Servicing Company's ("ASC's") Opening Brief addressed, at length, why *Sternberg* is controlling. In response, Ms. Schwartz-Tallard argues only that "most courts" award appellate attorney's fees arising from violations of the automatic stay. All of the law she offers in support of that general proposition misses the mark – either because it is from inferior courts, or from outside the Ninth Circuit, or predates *Sternberg*. Moreover, in so arguing, Ms. Schwartz-Tallard builds a straw man. *Sternberg* does not foreclose the award of appellate attorney's fees *per se*, nor is that what ASC argues. Rather, *Sternberg* forecloses awards of attorney's fees incurred after a stay violation has ended. Here, the stay violation ended before the appeal. Thus, *Sternberg*'s effect on this case is to preclude Ms. Schwartz-Tallard from recovering appellate attorney's fees. If, however, a violation of the automatic stay continued during an appeal, the recovery of those fees could be consistent with *Sternberg*. Yet that is not what happened

here.[1]  Additionally, *Sternberg* explicitly allowed for fees to be recovered under the court's inherent power to sanction, offering an option for recovering appellate attorney's fees where circumstances warrant.  Yet the bankruptcy court was clear that it did not sanction ASC in the exercise of its inherent powers.  Accordingly, Ms. Schwartz-Tallard's argument about the general recovery of appellate fees misses the mark, and fails to address the holding in *Sternberg* and how it applies here – as a temporal limitation based upon the end of a stay violation.

Finally, this Court should reject Ms. Schwartz-Tallard's attempts to resuscitate *In re Walsh*, 219 B.R. 873 (B.A.P. 9th Cir. 1998).  This Court explicitly rejected and otherwise abrogated *Walsh*'s far more expansive interpretation of damages.  *Sternberg* noted that prior BAP decisions construed the phrase "actual damages" as requiring an award that returns a debtor to the position he was in before the stay violation occurred.  *Id.* (citing *Beard v. Walsh* (*In re Walsh*), 219 B.R. 873 (B.A.P. 9th Cir. 1998) (rejecting an alternative reading of the statute under which, according to the BAP, "the injured party is not made whole")).  *Sternberg*, however, explicitly rejected these positions.  So the Court should here.

_____

[1] The Answering Brief incorrectly suggests that the bankruptcy court's award of fees under Rule 9011 survived appeal.  (Answering Br. at 3-4.)  The district court, however, reversed the bankruptcy court's ruling on that issue.  (ER 35-36, 40.)

**II.     The Timing of ASC's Notice of Appeal Does Not Aid Ms. Schwartz-Tallard's Position.**

ASC noted in its Opening Brief that any violation of the automatic stay had been cured no later than February 12, 2010, which was the date it rescinded the Trustee's Deed Upon Sale.  ASC filed its appeal after that – on March 2, 2010.  Ms. Schwartz-Tallard argues instead that the stay violation did not end until March 3, 2010, the date on which title to the property was put back in Ms. Schwartz-Tallard's name.  She makes much of the fact that ASC's Notice of Appeal was filed a single day earlier.  This is a distinction without a difference, for two reasons.

<u>First</u>, the law supports ASC's position that a stay violation ends by the date on which the Trustee's Deed Upon Sale was rescinded.  Ms. Schwartz-Tallard does not offer any legal support for her contention that the date title passes marks the end of the violation.  Indeed, the only relevant law ASC could locate on the question supports its position – that the rescission date controls.  *See In re Dawson*, 390 F.3d 1139, 1151 (9th Cir. 2004) (holding that, under California law, a rescission of a trustee's sale puts the parties in the positions they occupied before the foreclosure).

<u>Second</u>, even if the later date controls, it makes no difference here because all of Ms. Schwartz-Tallard's appellate fees arose from litigating the appeal, which

wholly occurred after the stay violation ended, save (arguably) one day.[2]

*Sternberg* draws a clear temporal line, beyond which attorneys' fees are not available: actual damages under Section 362(k)(1) end "[o]nce the violation has ended." 595 F.3d at 947. Whether Ms. Schwartz-Tallard's recoverable attorney's fees terminate with the stay on February 12 or March 3, the result is the same: her appellate attorney's fees are not actual damages under Section 362(k). This Court should reverse.

## III.    This Court Should Not Reconsider Its Recent Decision in *Sternberg*.

Ms. Schwartz-Tallard also argues – prematurely and to no avail – that the Court should reconsider *Sternberg* in light of criticism the decision has received from other courts.

First, this argument is premature, as *Sternberg* could not be reconsidered unless and until the Court decided to consider this case *en banc*. Moreover, the *en banc* review that would be necessary to reconsider *Sternberg* is not warranted here

---

[2] Contrary to Ms. Schwartz-Tallard's assertion, ASC's appeal was successful in substantial part. The United States District Court for the District of Nevada reversed the award of attorneys' fees the bankruptcy court awarded for several reasons. First, there had been no proof of their amount. (ER 37.) Second, neither Ms. Schwartz-Tallard nor the bankruptcy court followed the procedures required under Rule 9011 in fashioning the award. (ER 35-36.) Thus, the district court held that Ms. Schwartz-Tallard was still entitled to fees, but they had to be awarded as actual damages under § 362(k), unless the bankruptcy court followed all Rule 9011 requirements on remand. (*Id.*)

because nothing material has changed since this Court declined to rehear *Sternberg* itself *en banc* a mere two years ago.

### A.    Ms. Schwartz-Tallard's Request for *En Banc* Review Is Premature.

As this Court is well aware, a three-judge panel may not overrule a prior decision of this Court. *Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003). That proposition is "unassailable."[3] *Id.* Thus, *en banc* consideration would be necessary to revisit the Court's holding in *Sternberg*. However, any request that the panel hearing this case do so is premature. Should Ms. Schwartz-Tallard not prevail in this appeal, she may then ask the Court to hear her case *en banc* to reconsider its holding in *Sternberg*. Until this Court takes such *en banc* action, which it should not do in any event for the reasons articulated below, *Sternberg* is the law of the Circuit.

### B.    The *En Banc* Review Necessary to Revisit *Sternberg* Is Unwarranted.

Though the Answering Brief does not address them, the criteria for taking a case *en banc* are clear and well-established – that review is necessary either "to secure or maintain uniformity of the court's decisions," or to decide "a question of exceptional importance." Fed. R. App. P. 35(a); *see, e.g.*, *Atonio v. Wards Cove*

*Packing Co.*, 810 F.2d 1477, 1478–79 (9th Cir. 1987) (*en banc*); *United States v. Wylie*, 625 F.2d 1371, 1378 n. 10 (9th Cir. 1980).  A question of exceptional importance may include an issue on which the panel decision conflicts with the authoritative decisions of other United States Courts of Appeals that have addressed the issue.

Under these standards, *en banc* consideration is not warranted here.  The mere fact that *Sternberg* has faced some criticism – mostly from lower courts – does not satisfy this Circuit's standard for *en banc* review.  In *Sternberg*, this Court clearly stated a rule of law in a published decision.  In other words, this Court treated *Sternberg* with adequate seriousness when it decided it.  The opinion deliberately and self-consciously created a split of authority between circuits, and provided substantial reasoning supporting that decision.  Importantly, despite its creation of a circuit split, this Court declined to consider *Sternberg en banc* at that time, despite a petition requesting the Court to do so.  *See* 595 F.3d at 940.  Of some relevance, the panel in *Sternberg* amended the original opinion, recognizing that a bankruptcy court retained the inherent power to sanction.  The panel then voted to deny the petition for panel rehearing, and no judge in the full court

---

[3] The only exception, which does not apply here, is when the Supreme Court has effectively, even if not explicitly, overruled prior Ninth Circuit authority.  *Miller*, 335 F.3d at 900.

requested a vote on whether to rehear the matter *en banc*.  *Id.*  *Sternberg* thus reflects this Court's careful and considered weighing of the balance between the imperatives of the American Rule and the opportunity for bankruptcy courts to sanction in extraordinary cases even beyond what *Sternberg* saw within Section 362(k).  *Sternberg*, 595 F.3d at 939-40.  This rule should stand, and not vary on a case-by-case basis.

Underscoring the strength and wisdom of *Sternberg*, this Court has reaffirmed aspects of its holding and rationale.  *In the matter of So. Cal. Sunbelt Developers*, 608 F.3d 456, 464 (9th Cir. 2010) (discussing *Sternberg*, 595 F.3d at 946-48:  "Ordinary damages actions" like those under Section 362(k), as distinguished from statutory actions with fee-shifting provisions, are subject to the American Rule.)  This Court meant what it said, and Ms. Schwartz-Tallard provides no reason for this Court to reinvent a rule it so recently articulated.  This Court should not permit the BAP to abrogate circuit law, and revive the overruled BAP decision *In re Walsh*.  This Court should reverse.

**Conclusion**

WHEREFORE, Appellant America's Servicing Company respectfully

requests that this Court reverse the decision of the Bankruptcy Appellate Panel

awarding attorneys' fees to Ms. Schwartz-Tallard, and remand with instructions

that no fees be awarded and that the case be terminated.

Dated this 17th day of December, 2012.

SNELL & WILMER L.L.P.

By: ___/s/ **Kelly H. Dove**_____
ANDREW JACOBS, ESQ.
Arizona Bar No. 21146
SNELL & WILMER L.L.P.
One South Church Avenue, Suite 1500
Tucson, AZ 85701

KELLY H. DOVE, ESQ.
Nevada Bar No. 10569
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV  89169

*Attorneys for Appellant*

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 1,639 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B).

2.  This brief complies with the type face requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using a Microsoft Word 2010 processing program in 14-point Times New Roman type style.

Dated this 17th day of December, 2012.

SNELL & WILMER L.L.P.

By: ____/s/ ***Kelly H. Dove***_____
ANDREW JACOBS, ESQ.
Arizona Bar No. 21146
SNELL & WILMER L.L.P.
One South Church Avenue, Suite 1500
Tucson, AZ 85701

KELLY H. DOVE, ESQ.
Nevada Bar No. 10569
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169

*Attorneys for Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **APPELLANT'S**

**REPLY BRIEF** with the Clerk of the Court for the United States Court of Appeals

for the Ninth Circuit by using the appellate CM/ECF system on December 17,

2012.  I further certify that all participants in the case are registered CM/ECF users

and that service will be accomplished by the appellate CM/ECF system.

**Dated**: This 17th day of December, 2012.


            /s/  ***Brandy L. Sanderson***
An employee of Snell & Wilmer LLP