

LAW OFFICES

3883 Howard Hughes Parkway
Suite 1100
Las Vegas, NV 89169
702.784.5200
702.784.5252 (Fax)
www.swlaw.com

DENVER
LAS VEGAS
LOS ANGELES
LOS CABOS
ORANGE COUNTY
PHOENIX
RENO
SALT LAKE CITY
TUCSON

Kelly H. Dove
(702) 784-5286
kdove@swlaw.com

January 30, 2014

Clerk of the Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

      Re: America's Servicing Co. v. Schwartz-Tallard, No. 12-60052

Dear Ms. Dwyer:

      Respondent filed a Rule 28(j) letter citing as "supplemental authority" *FAA v. Cooper*, 132 S. Ct. 1441 (March 28, 2012), an opinion issued before briefing in this appeal began. Aside from the fact that *Cooper* is not new, it is also not "pertinent and significant," as Rule 28(j) contemplates.

      Respondent argues that *Cooper* abrogates this Court's decision in *Sternberg v. Johnston*, 595 F.3d 937 (9th Cir. 2009), because *Sternberg* cited Black's Law Dictionary's definition of "actual damages" and *Cooper* commented negatively about the definition. *Cooper* states:

> The latest edition of Black's Law Dictionary available when Congress enacted the Privacy Act defined "actual damages" as "[r]eal, substantial and just damages, or the amount awarded to a complainant in compensation for his actual and real loss or injury, as opposed on the one hand to 'nominal' damages, and on the other to 'exemplary' or 'punitive' damages." Black's Law Dictionary 467 (rev. 4th ed. 1968). But this general (and notably circular) definition is of little value here because, as the Court of Appeals accurately observed, the precise meaning of the term "changes with the specific statute in which it is found."

*Cooper*, 132 S. Ct. at 1449.

      As this text shows, *Cooper* neither abrogates *Sternberg*, nor is pertinent or significant in this appeal. <u>First</u>, *Cooper*'s discussion of the definition is irrelevant to this case because it analyzed the 1968 definition, whereas this Court consulted the 2004 edition. *See Sternberg v. Johnston*, 595 F.3d 937, 947 (9th Cir. 2010) (citing Black's definition as "[a]n amount awarded …



January 30, 2014
Page 2

to compensate for a proven injury or loss; damages that repay actual losses"). <u>Second</u>, *Cooper* did not hold that the 1968 definition was wrong, only that it was circular and unhelpful in analyzing the Privacy Act. <u>Third</u>, a generally negative assessment of that definition does not undermine *Sternberg*, which did not stake its analysis on Black's definition. *Sternberg* mentioned the dictionary definition in a passing few lines, but overwhelmingly bases its decision on the statutory language and the American Rule.

      For these reasons, *Cooper* is neither pertinent nor significant to this appeal.

                            Very truly yours,

                            Snell & Wilmer

                            *Kelly H Dove*

                            Kelly H. Dove

KHD:jlm

18692107.1