

### Snell & Wilmer
L.L.P.
LAW OFFICES

One South Church Avenue
Suite 1500
Tucson, Arizona 85701-1630
520.882.1200
520.884.1294 (Fax)
www.swlaw.com

DENVER
LAS VEGAS
LOS ANGELES
LOS CABOS
ORANGE COUNTY
PHOENIX
RENO
SALT LAKE CITY
TUCSON

Andrew M. Jacobs
(520) 882-1207
ajacobs@swlaw.com

June 15, 2015

Molly C. Dwyer, Clerk of the Court
Office of the Clerk
U.S. Court of Appeals
P.O. Box 193939
San Francisco, CA 94119-3939

  Re: *Irene Michelle Schwartz Tallard, Debtor; America's Servicing Company v. Irene Michelle Schwartz Tallard*, Case No. 12-60052
    Notice of Supplemental Authority Pursuant to Fed. R. App. P. 28(j) and Circuit Rule 28-6

Dear Ms. Dwyer:

  Appellant America's Servicing Company respectfully submits the enclosed supplemental authority. Today the United States Supreme Court held that Section 330(a) of the Bankruptcy Code did not depart from the American Rule, so as to allow recovery of attorney's fees incurred in fee litigation. *Baker Botts L.L.P. v. ASARCO LLC*, No. 14-103, 576 U.S. ---- (June 15, 2015). *Baker Botts* supports the following arguments in Appellant's briefing (by docket/page number):

  1. The "bedrock principle" of the American Rule is the "basic point of reference when considering the award of attorney's fees." *Baker Botts*, slip op. at 3 (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-53 (2010)). (ECF No. 8 at 12-13; ECF No. 64 at 17-18.)

  2. Congress knows how to shift the burden of fee-defense litigation, as it did in Section 110(i)(1)(C) of the Bankruptcy Code, which awards "reasonable attorneys' fees and costs in moving for damages under this subsection." *Baker Botts*, slip. op. at 7. "In our legal system, *no* attorneys, regardless of whether they practice in bankruptcy, are entitled to receive fees for fee-defense litigation absent express statutory authorization." *Id.* Where Congress does not expressly indicate its intention to award fees for fee-defense litigation, but instead uses "open-ended phrase[s],"such language is not the "sort of specific and explicit provision that Congress must provide to alter this default rule." *Id.* (ECF No. 64 at 17-19, 21-24.)

Snell & Wilmer
L.L.P.

Molly C. Dwyer, Clerk of the Court
June 15, 2015
Page 2

       3.       Fee-shifting statutes are generally those that "permit a court to award attorney's fees only to a prevailing party, a substantially prevailing party, or a successful litigant." *Baker Botts*, slip op. at 8 (internal quotation marks and citations omitted). Put otherwise, fee-shifting statutes "tend to authorize the award of a 'reasonable attorney's fee,' 'fees,' or 'litigation costs,' and usually refer to a 'prevailing party' in the context of an 'adversarial action.'" *Id.* at 4. Section 330(a) of the bankruptcy code, which provides that a bankruptcy court "may award … reasonable compensation for actual, necessary services rendered by professionals" is not a fee-shifting statute because it lacks those defining characteristics. *Id.* at 4-6. (ECF No. 64 at 17-21.)

                                      Very truly yours,

                                      Snell & Wilmer

                                      Andrew M. Jacobs

AMJ

cc: Kelly H. Dove, Esq.

21864668